United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

                        Hon. Stephen J. Murphy, III

v.

                        Case No. 20-cr-20287

Antione Hamilton,

    Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Antione Hamilton, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**     **Counts of Conviction**

The defendant has waived his right to an indictment and will plead guilty to Counts 1 and 2 of the Information. Count 1 charges the defendant with Burglary Involving Controlled Substances under 18 U.S.C. § 2118(b). Count 2 charges the defendant with Bank Theft under 18 U.S.C. § 2113(a).

## 2. Statutory Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
| --- | --- | --- |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |
| Count 2 | Term of imprisonment: | 20 years |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional Burglary Involving Controlled Substances or Bank Theft charges against the

defendant for the conduct reflected in the factual basis of this Plea Agreement.

**4.    Elements of Counts of Conviction**

The elements of Count 1 are:

1) The Defendant, without authority, entered or attempted to enter a premises registered with the DEA under Section 302 of the Controlled Substances Act,

2) with the intent to steal any material or compound containing any quantity of a controlled substance, and

3) the replacement cost of the controlled substance to the registrant was not less than $500 .

The elements of Count 2 are:

1) The Defendant entered a bank,

2) The bank was insured by the Federal Deposit Insurance Corporation,

3) with the intent to commit in such bank a larceny.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

*With respect to Count 1:* On April 20, 2020, the defendant, Antione Hamilton, along with three other individuals, broke into the Pharmor Pharmacy at 3169 Woodward Avenue, Detroit, Michigan. Entry was made around 3:00 a.m. by Hamilton and his companions backing a stolen car into a wall of the building at high speed, opening a hole into the wall through which Hamilton and the others made entry. In the pharmacy, which is registered by the DEA to stock controlled substances under Section 302 of the Controlled Substances Act, Hamilton and his companions stole controlled substances, including hydrocodone, with a replacement cost to the pharmacy of well more than $500. Between the inventory loss and damage to the premises, the loss to Pharmor Pharmacy was approximately $35,000.

*With respect to Count 2:* On June 6, 2020, at approximately 5:00 a.m., Hamilton, joined by two other individuals, forced entry into Citizens Bank, at 14501 Gratiot Ave., Detroit, Michigan. The front door

was pried open with a crowbar. Inside the bank, Hamilton and the other two individuals stole more than $1400 in U.S. currency. The deposits of Citizen's Bank are insured by the Federal Deposit Insurance Corporation.

**6.    Stipulated Offenses**

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if he had been convicted of additional counts charging those offenses:

In the early morning hours of May 3, 2020, entry was forced by prying open the door of Knights Pharmacy, 4501 Woodward Ave., Detroit, Michigan. Hamilton and others forced the entry in order to steal controlled substances, including promethizene with codeine cough syrup. In addition to successfully stealing the prescription cough syrup, in the course of stealing the safe from the pharmacy, Hamilton and the others stole expensive HIV medications that have a value of approximately $100,000. The pharmacy is registered by the DEA to stock controlled substances under Section 302 of the Controlled Substances Act

In the early morning hours of June 10, 2020, Hamilton and others pried open the front door of Krownz Pharmacy, 7635 W. 8 Mile, Detroit, Michigan. While inside the pharmacy, Hamilton and others stole numerous controlled substances, with a value of more than $3000. The pharmacy is registered by the DEA to stock controlled substances under Section 302 of the Controlled Substances Act.

In the early morning hours of June 10, 2020, Hamilton and others crashed a vehicle through the front door of Rite Aid Pharmacy, 17170 Harper, Detroit, Michigan. The intent of Hamilton and his companions was to steal controlled substances valued at more than $500. They were unsuccessful in so doing. The pharmacy is registered by the DEA to stock controlled substances under Section 302 of the Controlled Substances Act.

In the early morning hours of June 6, 2020, Hamilton and others pried open the front doors of Dearborn Pharmacy, 8744 W. Warren, Detroit Michigan. The intent of Hamilton and his companions was to steal controlled substances valued at more than $500. While medications were stolen, Hamilton and his companions were unable to break into the safe containing the controlled substances. The pharmacy

is registered by the DEA to stock controlled substances under Section 302 of the Controlled Substances Act.

In the early morning hours of June 17, 2020, Hamilton and others broke into Best Urgent Care, 14671 Telegraph, Redford Township, Michigan, as well as the Rx Pharmacy, 14661 Telegraph, Redford Township, Michigan. The intent of Hamilton and his companions during these break-ins was to steal controlled substances valued at more than $500. The thefts were unsuccessful due to the quick response of police. Both pharmacies are registered by the DEA to stock controlled substances under Section 302 of the Controlled Substances Act

7. **Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D. The right to an appointed attorney, if the defendant cannot afford to retain one;

E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F. The right to confront and cross-examine adverse witnesses at trial;

G. The right to testify or not to testify at trial, whichever the defendant chooses;

H. If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J. The right to compel the attendance of witnesses at trial.

**8. Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

**9. Defendant's Guideline Range**

    **A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    **B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

    **C.**    **Other Guideline Recommendations**

The parties have no other recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**10. Imposition of Sentence**

    **A.   Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    **B.   Imprisonment**

        **1.   Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Counts 1 and 2 not exceed the top of the defendant's guideline range as determined by the Court.

        **2.   No Right to Withdraw**

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offenses. There is no recommendation or agreement on any amount of restitution; however, Defendant agrees to pay restitution to every identifiable victim of the offenses, and stipulated offenses, described in paragraphs 5 and 6 above. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed. As of the date of this plea agreement none of the potential victims, as identified in paragraphs 5 and 6 above, have submitted a claim for restitution for the losses caused by Hamilton's conduct.  The parties agree that the time for victims to submit a claim for restitution has not yet expired and claims may still be received prior to sentencing.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the judgment in full.

### F. Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 11. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but

not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any

statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5pm on January 20, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Matthew Schneider
United States Attorney

Craig Wininger
Chief, Violent and Organized
Crime Unit
Assistant United States
Attorney

Brant Cook
Assistant United States
Attorney

Dated: 1/12/2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____    *Antione Hamilton*
Jonathan Epstein                                      Antione Hamilton
Attorney for Defendant                           Defendant

Dated:

